

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 24  PM 4: 44

LORETTA G. WHYTE
CLERK

## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**STANLEY DUBOIS #94751**                    **CIVIL ACTION**

**versus**                                               **NO. 05-0405**

**TIM WILKENSON - WARDEN**                 **SECTION: "S" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).



Fee
Process
Dktd
CtRmDep
Doc. No

Petitioner, Stanley DuBois, is a state prisoner incarcerated at the Winn Correctional Center, Winnfield, Louisiana.[2]  On August 20, 2001, he pled guilty to three counts of distribution of cocaine in violation of La.Rev.Stat.Ann. § 40:967 and to one count of distribution of cocaine within one thousand feet of a school in violation of La.Rev.Stat.Ann. § 40:981.3.  He was sentenced on each count to a term of fifteen years imprisonment with all sentences to run concurrently.  However, the state then filed a multiple bill of information alleging that he was a second offender with respect to the first count of distribution of cocaine.  He pled guilty to being a second offender, and he was resentenced on that conviction to a term of fifteen years imprisonment, without benefit of parole, probation, or suspension of sentence, with credit for time served.  It was ordered that all of his sentences run concurrently.[3]

On October 29, 2002, petitioner filed a motion to correct an illegal sentence in which he argued that the trial court erred in resentencing him as a habitual offender without first vacating his original sentence.[4]  In its response to that motion, the state agreed that petitioner had been improperly sentenced in the multiple offender proceedings.[5]  On January 21, 2003, the state district

---

[2] A complete summary of petitioner's state court proceedings appears in the original Report and Recommendation, Rec. Doc. 7, and need not be repeated here.  Accordingly, only the pertinent events are summarized in this opinion.

[3] State Rec., Vol. I of III, transcript of August 20, 2001; State Rec., Vol. I of III, minute entry dated August 20, 2001; State Rec., Vol. I of III, "Defendants [sic] Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty" form dated August 20, 2001; State Rec., Vol. I of III, "Waiver of Rights - Plea of Guilty Multiple Offender" form dated August 20, 2001.

[4] State Rec., Vol. I of III.

[5] State Rec., Vol. I of III.

court then vacated petitioner's sentence with respect to the first count of distribution of cocaine and resentenced him to fifteen years imprisonment, without benefit of probation, parole, or suspension of sentence, with credit for time served, and ordered that the sentence run concurrently with petitioner's sentences on the other convictions.[6]

On April 22, 2003, petitioner filed with the state district court an application for post-conviction relief.[7] That application was denied on April 29, 2003.[8] He then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on July 14, 2003.[9] He next filed with the Louisiana Supreme Court an application for a supervisory writ[10] which was denied on August 20, 2004.[11] On November 8, 2004, the Louisiana Supreme Court issued a judgment denying reconsideration of its earlier ruling.[12]

On January 31, 2005, petitioner filed this federal application for *habeas corpus* relief.[13] In support of his federal application, petitioner asserted the following claims:

---

[6] State Rec., Vol. II of III, transcript of January 21, 2003; State Rec., Vol. I of III, minute entry dated January 21, 2003.

[7] State Rec., Vol. I of III.

[8] State Rec., Vol. I of III, Order dated April 29, 2003.

[9] State v. DuBois, No. 03-KH-818 (La. App. 5th Cir. July 14, 2003) (unpublished); State Rec., Vol. II of III.

[10] State Rec., Vol. III of III.

[11] State *ex rel.* DuBois v. State, 882 So.2d 578 (La. 2004) (No. 2003-KH-2324); State Rec., Vol. III of III.

[12] State *ex rel.* DuBois v. State, 885 So.2d 1124 (La. 2004) (No. 2003-KH-2324); State Rec., Vol. III of III.

[13] Rec. Doc. 2.

1.     Petitioner's guilty plea was involuntary because he was not given adequate notice of the nature of the charges or of the minimum and maximum sentence he faced;

2.     Petitioner received ineffective assistance of counsel; and

3.     The trial court erred in accepting petitioner's stipulation concerning identity in the habitual offender proceedings without first adequately informing him of his constitutional rights.[14]

On October 28, 2005, the undersigned issued a report recommending that petitioner's application be dismissed without prejudice as a mixed petition because he failed to exhaust his state court remedies with respect to his ineffective assistance of counsel claim.[15]    Petitioner filed objections to that Report and Recommendation, and he asked that he be allowed to waive the unexhausted claim.[16]    On January 17, 2006, the United States District Judge granted that request, dismissed the ineffective assistance of counsel claim with prejudice, and remanded the case for consideration of petitioner's remaining claims.[17]

---

[14]    On his federal application form, petitioner also lists as a claim: "Fail to Vacate Original Sentence." Rec. Doc. 2, p. 3.  However, that claim is not enumerated in his statement of issues in his supporting memorandum, and it is unclear whether petitioner actually intended to assert that claim in this federal proceeding.  In any event, petitioner would not be entitled to federal *habeas corpus* relief with respect to that claim, because, as noted above, he has already prevailed on that claim in state court and the error has been corrected.

[15]    Rec. Doc. 7.

[16]    Rec. Doc. 8.

[17]    Rec. Doc. 9.

<u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in <u>Williams[ v. Taylor</u>, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

<u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Hill, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

<u>Involuntary Plea</u>

Petitioner claims that his guilty plea was involuntary because he was not given adequate notice of the nature of the charges or of the minimum and maximum sentence he faced. In ruling on petitioner's post-conviction application, the state district court rejected that claim, holding:

> Defendant argues that he was not informed of the nature of the offense and that he was not advised of the minimum and maximum charges for said offense. The failure of a trial court to explain the nature of the offense was addressed in <u>State v. Cook</u>, 591 So.2d 1248 (La. 5th Cir. 1991). The defendant in <u>State v. Cook</u> pled guilty to two counts of armed robbery. The defendant then argued that the trial court erred by failing to explain the nature of the offense to which he pled guilty and as a result, his guilty plea was involuntary. The Court held that the validity of a guilty plea does not depend upon whether or not the trial court specifically informed the accused of every element of the offense; rather, defendant who was unaware of elements of offense must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. <u>Id</u>.
>
> In the instant case, during defendant's plea colloquy, [t]he defendant indicated that he understood he was entering a guilty plea as to four counts of distribution of cocaine. During this colloquy defendant gave no indication that he did not understand the elements of the offense. In fact on page 7 of defendant's trial transcript he stated "I sold crack cocaine to a narcotic agent". Thus, this court concludes that defendant did understand the nature of his plea.
>
> Defendant further argues that he was not informed of the minimum or maximum penalty for his crime. Upon review of the transcript, this court finds that defendant was notified of the

minimum and maximum penalty during his sentencing.  On page 11 of defendant's transcript, the Court explained to the defendant that his sentence carried a minimum sentence of 15 years and the maximum is 60 years.  Thus, this specification of error must fail.[18]

It is true that a criminal defendant must be given notice of the nature of the charges against him.  However, petitioner's contention that he was not given adequate notice is utterly meritless.

In Henderson v. Morgan, 426 U.S. 637 (1976), the United States Supreme Court held that a guilty plea is not voluntary in a constitutional sense "unless the defendant received real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Id. at 645 (internal quotation marks omitted).  The Supreme Court rejected the argument that this requirement would "invite countless collateral attacks on judgments entered on pleas of guilty, since frequently the record will not contain a complete enumeration of the elements of the offense to which an accused person pleads guilty." Id. at 647.  The Supreme Court reasoned:

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. *Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.*

---

[18] State Rec., Vol. I of III, Order dated April 29, 2003.  The Louisiana Fifth Circuit Court of Appeal found "no error" in that ruling.  State v. DuBois, No. 03-KH-818 (La. App. 5th Cir. July 14, 2003) (unpublished); State Rec., Vol. II of III.  The Louisiana Supreme Court denied writs without assigning reasons.  State ex rel. DuBois v. State, 882 So.2d 578 (La. 2004) (No. 2003-KH-2324); State Rec., Vol. III of III.

Id. (emphasis added). The Supreme Court further noted: "There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume that it does not." Id. at 647 n.18.

The United States Fifth Circuit Court of Appeals has held:

> The Henderson Court did not purport ... to lay down an absolute requirement that the technical elements of an offense be recited to a defendant. A plea will be upheld if it is shown by the record, or the evidence adduced at an evidentiary hearing, that a defendant understood the charge and its consequences when he pled guilty.

Deville v. Whitley, 21 F.3d 654, 657 (5th Cir. 1994). Additionally, the Fifth Circuit has held that a guilty plea form is *prima facie* evidence that a petitioner was informed of the elements of the crime charged. Bonvillain v. Blackburn, 780 F.2d 1248, 1250 (5th Cir. 1986).

Petitioner pled guilty to three counts of distribution of cocaine and to one count of distribution of cocaine within one thousand feet of a school. The bill of information in the instant case clearly and adequately set forth the charges, alleging:

> STANLEY DUBOIS ... on or about the 12th day of January in the year of our Lord, Two Thousand and with force arms, in [Jefferson Parish], and within the jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for [Jefferson Parish], violated R.S. 40:967.A in that he did knowingly or intentionally distribute a controlled dangerous substance, to wit: Cocaine,
>
> COUNT 2) ... on or about the 29th day of December, 1999, the said STANLEY DUBOIS violated R.S. 40:967.A in that he did knowingly or intentionally distribute a controlled dangerous substance, to wit: Cocaine,
>
> COUNT 3) ... on or about the 30th day of December, 1999, the said STANLEY DUBOIS violated R.S. 40:967.A in that he did knowingly

or intentionally distribute a controlled dangerous substance, to wit:
Cocaine,

COUNT 4) ... on or about the 20th day of January, 2000, the said
STANLEY DUBOIS violated R.S. 40:981.3 in that he did distribute
a controlled dangerous substance to wit Cocaine within 1000 feet of
St. Joseph of the Worker School ....[19]

The guilty plea form, which was signed by petitioner and his attorney, stated: "You are pleading

guilty to the crime of Distribution of Cocaine (three counts) Distribution within 1000 feet of a

School (1 count)."[20]  The form also contained an acknowledgment by defense counsel in which he

stated, *inter alia*, "I, also, have informed the defendant of his or her rights, particularly the nature of

the crime to which he or she is pleading guilty ...."[21]  Moreover, during the colloquy, the trial judge

expressly referenced the charges:

THE COURT:
　　Okay. You're pleading guilty to three counts of –

MR. BOSHEA [defense counsel]:
　　4967, relative to distribution, I believe, Your Honor.

THE COURT:
　　Right, relative to distribution of cocaine, and you're also
pleading guilty to one count of distribution of cocaine within 1,000
feet of a school.
　　Do you understand that, sir?

---

[19]  State Rec., Vol. I of III.

[20]  State Rec., Vol. I of III, "Defendants [sic] Acknowledgment of Constitutional Rights and
Waiver of Rights on Entry of a Plea of Guilty" form dated August 20, 2001.

[21]  State Rec., Vol. I of III, "Defendants [sic] Acknowledgment of Constitutional Rights and
Waiver of Rights on Entry of a Plea of Guilty" form dated August 20, 2001.

THE DEFENDANT:
    Yes, ma'am.[22]

The colloquy also makes clear that petitioner understood the charges against him:

THE COURT:
    By pleading guilty, you're telling this Court that you have, in fact, committed the crimes to which you are pleading.
    Do you understand that?

THE DEFENDANT:
    Yes.

THE COURT:
    Okay.  What did you do?

THE DEFENDANT:
    Excuse me?

THE COURT:
    What did you do?

THE DEFENDANT:
    I sold crack cocaine to a narcotic agent.

THE COURT:
    Okay.  On three occasions or four occasions?

THE DEFENDANT:
    Four.

THE COURT:
    Okay.  And one of them was within a 1,000 of a school?

THE DEFENDANT:
    Yes.[23]

---

[22] State Rec., Vol. I of III, transcript of August 20, 2001, p. 4.

[23] State Rec., Vol. I of III, transcript of August 20, 2001, pp. 6-7.

It is abundantly clear from the record that petitioner was well aware of the nature of the charges against him, and for him now to contend otherwise is ludicrous.  Moreover, petitioner was represented by counsel at all stages of the proceedings, and it is normally presumed that counsel adequately explain the nature of the charges to their clients.  Henderson, 426 U.S. at 647; see also Marshall v. Lonberger, 459 U.S. 422, 436-37 (1983).  Additionally, petitioner bears the burden of proving that he was not adequately informed of the nature of the charges to which he pled guilty.  Bonvillain, 780 F.2d at 1251.  Petitioner has offered nothing in support of his claim, other than his own self-serving allegations.  In light of the foregoing, the Court finds no merit in petitioner's contention that his rights were violated because the state district court failed to explain the nature of the criminal charges against him.

Petitioner's second contention is that he was not informed of the minimum and maximum sentence he faced prior to his plea.  It is not entirely clear whether petitioner is referring to his plea to the original offenses or to his plea to the multiple bill of information.  If the latter, the record demonstrates that the claim is utterly meritless, in that the trial judge clearly advised petitioner of the minimum and maximum sentence he faced prior to petitioner's formal guilty plea and the court's acceptance of that plea.[24]  If the former, the record reflects that he was advised of the maximum sentence he faced.  The guilty plea form signed by petitioner advised him of the maximum

---

[24]   State Rec., Vol. I of III, transcript of August 20, 2001, p. 11, lines 14-18 (advisement regarding sentencing range) and p. 12, lines 17-28 (plea and acceptance of plea).  Additionally, the plea form, which petitioner signed, advised him of the sentencing range.  State Rec., Vol. I of III, "Waiver of Rights - Plea of Guilty Multiple Offender" form dated August 20, 2001.

sentence he faced, as well as the sentence the court would in fact impose.[25]  It is true that the record

does not expressly reflect that he was advised of the *minimum* sentence.  Nevertheless, even if no

such advisement occurred, that alone would not render petitioner's plea involuntary or warrant

federal *habeas corpus* relief.  See Abels v. Scott, 73 F.3d 591, 592 n.2 (5th Cir. 1996); Rogers v.

Maggio, 714 F.2d 35, 39 n.5 (5th Cir. 1983).

        Petitioner has failed to demonstrate that the state court's decision was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States.  Accordingly, applying the AEDPA's deferential standard, this

Court rejects petitioner's claim.

<u>Stipulation Regarding Identity</u>

        Petitioner also claims that the trial court erred in accepting his stipulation concerning

identity in the habitual offender proceedings without first adequately informing him of his

constitutional rights.  In ruling on petitioner's post-conviction application, the state district court

rejected that claim, holding:

> Defendant alleges that the trial court accepted stipulation of his
> identity in his multiple bill without informing him of his
> Constitutional rights under 15:529.1. In State v. Winfrey, 97-427 (La.
> App. 5 Cir 10/28/97), 703 So.2d 63, 80, the Fifth Circuit Court of
> Appeal addressed the procedure for determining the burden of proof
> in a multiple offender hearing:
>
> > If the defendant denies the multiple offender
> > allegations then the burden is on the State to prove (1)
> > the existence of a prior guilty plea, and (2) that
> > defendant was represented by counsel when the plea

---

[25] State Rec., Vol. I of III, "Defendants [sic] Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty" form dated August 20, 2001.

was taken.  Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea.  Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea.  In doing so, the State must produce either a "perfect" transcript of the Boykin colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript.  If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary.  Id.

Defendant alleges that the trial court failed to inform him of these rights prior to his plea on the multiple bill and before the defendant admitted that he was the same person as charged in the multiple bill.  Upon review, this Court finds that defendant admitted that he was the same person (p. 8 of the transcript) prior to the Court's acceptance of his guilty plea (p. 12 of the transcript).  Further, the necessary burden needed to establish a multiple bill was me[t] in the instant case.  Moreover, a prior guilty plea existed in defendant's case and defendant was represented by counsel.  Thus, this specification of error must also fail.[26]

Once again, petitioner's allegations are devoid of any merit.  Petitioner and his

attorney signed a guilty plea form which fully advised petitioner of his rights.  That form specifically

included an acknowledgment by petitioner that he understood that by pleading guilty to the multiple

bill of information he was "giving up the right to ... [h]ave a hearing and force the District Attorney

---

[26]  State Rec., Vol. I of III, Order dated April 29, 2003.  The Louisiana Fifth Circuit Court of Appeal found "no error" in that ruling.  State v. DuBois, No. 03-KH-818 (La. App. 5th Cir. July 14, 2003) (unpublished); State Rec., Vol. II of III.  The Louisiana Supreme Court denied writs without assigning reasons.  State ex rel. DuBois v. State, 882 So.2d 578 (La. 2004) (No. 2003-KH-2324); State Rec., Vol. III of III.

to prove ... [t]hat I am one and the same individual who has the prior felony record ...."[27]  Moreover,

petitioner's plea to the multiple bill of information occurred at the same proceeding as his plea to

the offenses, at which time the Court had fully advised him of his constitutional rights.  Further,

before petitioner formally pled guilty to the multiple bill of information and before the trial court

accepted that plea, the court additionally advised him of his rights with respect to the habitual

offender proceedings, including the right to require the state to prove identity:

> THE COURT:
>      Okay.  You're still under oath, Mr. Dubois.
>      Okay.  Do you understand that the State has filed a multiple bill against you charging you as a second offender under the provisions of Revised Statute 15:529.1?  And a copy of the bill has been provided to me.  And I want you to understand that you're giving up the following rights:
>      You understand that you have the right to plead not guilty to the Bill of Information?  Do you understand that?
>
> THE DEFENDANT:
>      Yes, ma'am.
>
> *THE COURT:*
>      *And do you understand that you could have a hearing and you could force the D.A. to prove that you are one and the same person as the individual that has a prior felony record?  Do you understand that?*
>
> *THE DEFENDANT:*
>      *Yes, Your Honor.*
>
> THE COURT:
>      And that the State would also be required to prove that the time period between the completion of the sentence for the listed prior felony and the date of the crime to which you have just pled guilty, that it would have to be 10 years or less.
>      Do you understand that?

---

[27]  State Rec., Vol. I of III, "Waiver of Rights - Plea of Guilty Multiple Offender" form dated August 20, 2001.

THE DEFENDANT:
> Yes, Your Honor.

THE COURT:
> And do you understand that if any prior conviction was the result of a guilty plea that the State would have to prove that you were properly advised at the time of your plea to your right to a trial by jury, your right to cross-examine State's witnesses, and your right to remain silent at trial and not have your silence held against you?

THE DEFENDANT:
> Yes, Your Honor.

THE COURT:
> Do you realize you're giving up those right[s], too?

THE DEFENDANT:
> Yes.  Yes.

THE COURT:
> Okay.  And you understand that you have the right to be represented by an attorney in this multiple bill hearing and, if you couldn't afford one, one would be appointed to represent you?

THE DEFENDANT:
> Yes, Your Honor.

THE COURT:
> And you understand you have the right to remain silent throughout the hearing of the multiple bill and not have your silence used against you?

THE DEFENDANT:
> Yes, Your Honor.

THE COURT:
> And do you understand that the sentencing range as a multiple offender in this case would be a minimum of 15 years and a maximum of 60 years?

THE DEFENDANT:
> Yes.

THE COURT:

And that if I accept your plea, I will be giving you the minimum, 15 years, on a bill, those 15 years to be served, of course, at hard labor, and that they would run concurrent with all other counts you just pled to and concurrent with the sentence you're currently serving?

THE DEFENDANT:

Yes.

THE COURT:

Okay. Are you satisfied with your attorney and the Court in its efforts to explain your rights to you?

THE DEFENDANT:

Yes.

THE COURT:

Okay. You're waiving the consequences of this guilty plea?

THE DEFENDANT:

Yes[.]

THE COURT:

Have you been forced, coerced, or threatened in any manner to plead guilty?

THE DEFENDANT:

No.

*THE COURT:*

*And you understand the possible legal consequences of pleading guilty and still wish to plead guilty at this time?*

*THE DEFENDANT:*

*Yes.*

*THE COURT:*

*Then the plea of guilty is accepted by the Court as having been knowingly, intelligently, freely, and voluntarily made by the defendant.*[28]

---

[28] State Rec., Vol. I of III, transcript of August 20, 2001, pp. 9-12 (emphasis added).

- 16 -

The record refutes petitioner's factual allegations with respect to this claim, clearly showing that the claim has no merit.  Moreover, petitioner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  Accordingly, applying the AEDPA's deferential standard, this Court rejects petitioner's claim.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Stanley DuBois be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of January, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**